IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DUSTIN TORREY, Individually and For Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>MCGEE AIR SERVICES, INC., a Delaware corporation<br><br>Defendant. | Case No. 2:26-cv-01638-MLP<br><br>AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT<br><br>JURY DEMAND |

## SUMMARY

1. Dustin Torrey (Torrey) brings this class and collective action to recover unpaid wages and other damages from McGee Air Services, Inc. (McGee).

2. McGee employed Torrey as one of its Hourly Employees (defined below).

3. McGee paid Torrey and the other Hourly Employees by the hour.

4. Torrey and the other Hourly Employees regularly work more than 40 hours in a workweek.

5. But McGee does not pay Torrey and the other Hourly Employees at least 1.5 times their regular rates of pay—based on all remuneration—for all hours they work in excess of 40 in a workweek.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

6. Instead, McGee automatically deducts 30 minutes a day from Torrey's and the other Hourly Employees' recorded hours for so-called "meal breaks," regardless of whether they actually receive a *bona fide* meal break (McGee's "auto-deduct policy").

7. Thus, McGee does not pay Torrey and the other Hourly Employees for that time.

8. But Torrey and the other Hourly Employees do not actually receive *bona fide* meal breaks.

9. Instead, McGee requires them to remain on duty and perform compensable work throughout their shifts and/or subjects them to work interruptions during their unpaid "meal breaks."

10. McGee's auto-deduct policy violates the Fair Labor Standards Act (FLSA) and Oregon law by depriving Torrey and the other Hourly Employees of compliant meal breaks and overtime wages of at least 1.5 times their regular rates of pay for overtime hours worked.

## JURISDICTION & VENUE

11. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12. This Court also has supplemental jurisdiction over the state-law claims because these claims arise from a common nucleus of operative facts. 28 U.S.C. § 1367.

13. This Court has general personal jurisdiction over McGee because McGee maintains its principal place of business in Washington.

14. Venue is proper because McGee maintains its principal place of business in Renton, Washington, which is in this District and Division. *See* 28 U.S.C. § 1391(b)(1).

## PARTIES

15. McGee employed Torrey as a ramp supervisor from approximately July 2022 through February 2026.

16. Throughout his employment, McGee classified Torrey as non-exempt and paid him by the hour.

17. Throughout his employment, McGee subjected Torrey to its auto-deduct policy.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

18. Torrey brings this action on behalf of himself and similarly situated hourly McGee employees.

19. The putative FLSA collective of similarly situated employees is defined as:

> All hourly employees who McGee employed under its auto-deduct policy at any time from May 14, 2023[1], through final resolution of this action (the "FLSA Collective Members")

20. Torrey also seeks to represent a class under Oregon law pursuant to FED. R. CIV. P. 23.

21. The putative Oregon class of similarly situated employees is defined as:

> All hourly employees in Oregon who McGee employed under its auto-deduct policy at any time from May 14, 2020, through final resolution of this action (the "Oregon Class Members")

22. The FLSA Collective Members and the Oregon Class Members are collectively referred to as the "Hourly Employees."

23. McGee is a Delaware corporation with its principal place of business in Renton, Washington.

24. McGee has been served and has appeared in this matter through counsel.

## FLSA COVERAGE

25. At all relevant times, McGee was an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

26. At all relevant times, McGee was an "enterprise" within the meaning of the FLSA. 29 U.S.C. § 203(r).

27. At all relevant times, McGee was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials—such as cell phones, computers, PPE, etc.—that have been moved in or produced for commerce. 29 U.S.C. § 203(s)(1).

---

[1] The original complaint in this matter was filed May 14, 2026.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

28. At all relevant times, McGee had an annual gross volume of sales made or business done of not less than $1,000,000 each year.

29. At all relevant times, Torrey and the other Hourly Employees were McGee's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

30. At all relevant times, Torrey and the other Hourly Employees were engaged in commerce or in the production of goods for commerce.

## FACTS

31. McGee touts that it is "well versed in almost all things related to ground operations aircraft support services, from the plane to the baggage hold to the ramp to the gate."[2]

32. To meet its business objectives, McGee employs workers, including Torrey and the other Hourly Employees.

33. For example, McGee employed Torrey as a ramp supervisor from approximately July 2022 through February 2026 in Portland, Oregon.

34. As a ramp supervisor, Torrey's job duties included monitoring operations to ensure required crew were scheduled for each plane, designating crew tasks, and managing ramp activities including transfer of baggage, mail, and cargo to and from aircraft.

35. Throughout his employment, Torrey regularly worked more than 40 hours a workweek.

36. Indeed, Torrey typically worked approximately 8 to 9 hours a day and 5 days a week (40 to 45 hours a workweek) "on the clock."

37. McGee paid Torrey approximately $30.60 an hour.

38. Torrey reported his "on the clock" hours to McGee through its timekeeping system.

39. McGee's records reflect the hours Torrey worked each week "on the clock."

40. Likewise, the other Hourly Employees typically work approximately 8 to 9 hours a day and 5 days a week (40 to 45 hours a workweek) "on the clock."

---

[2] https://www.mcgeeairservices.com/services/ (last visited May 7, 2026).



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

41. McGee requires Torrey and the other Hourly Employees to abide by common work, time, pay, meal period, and overtime policies and procedures.

42. At the end of each pay period, McGee pays Torrey and the other Hourly Employees based on common policies, systems, and methods it selects and controls.

43. But McGee does not pay Torrey and the other Hourly Employees for all their hours worked, including overtime hours.

44. Specifically, McGee automatically deducts 30 minutes a workday from Torrey's and the other Hourly Employees' recorded hours and wages for so called "meal periods."

45. McGee automatically deducts this time regardless of whether Torrey and the other Hourly Employees actually receive full, uninterrupted, 30-minute meal periods.

46. McGee simply assumes Torrey and the other Hourly Employees receive *bona fide* meal periods each shift they work.

47. But Torrey and the other Hourly Employees do not actually receive *bona fide* meal periods, even when they work more than six hours in a day.

48. Instead, McGee requires Torrey and the other Hourly Employees to remain on duty and perform compensable work throughout their shifts for McGee's benefit, including during "meal periods."

49. Rather, during their unpaid "meal periods," Torrey and the other Hourly Employees are forced to substantially perform their regular job duties and responsibilities.

50. Torrey and the other Hourly Employees routinely spend their unpaid "meal periods" performing work for McGee's—not these employees'—benefit.

51. Thus, Torrey and the other Hourly Employees are not free to engage in personal activities during their "meal periods."

52. This unpaid time is compensable under the FLSA and Oregon law because McGee knew, or should have known, that (1) Torrey and the other Hourly Employees were performing unpaid work during "meal periods"; (2) they were interrupted with work duties during attempted "meal periods"; (3) they were not completely relieved of work duties during "meal periods"; (4) they



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

entirely skipped "meal periods" due to work demands; (5) "meal periods" were less than 30 consecutive minutes; (6) they were not free to engage in personal activities during "meal periods" because of work interruptions; (7) they remained on McGee's premises or under McGee's supervision; and (8) they spent unpaid "meal periods" substantially performing their regular job duties for McGee's predominant benefit.

53. McGee failed to exercise its duty as Torrey's and the other Hourly Employees' employer to ensure these employees were not performing work that McGee did not want performed during their unpaid "meal periods."

54. McGee knows Torrey and the other Hourly Employees routinely perform work "off the clock" during their unpaid "meal periods" because it expects and requires them to do so.

55. Despite accepting the benefits, McGee does not pay Torrey and the other Hourly Employees for the compensable work they perform during their automatically deducted "meal periods."

56. McGee's failure to provide Torrey and the other Hourly Employees with compliant, *bona fide* meal periods for each shift exceeding 6 hours violates Oregon law.

57. Likewise, as a result of its auto-deduct policy, McGee fails to pay Torrey and the other Hourly Employees for all hours worked, including overtime hours, in violation of the FLSA and Oregon law.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

58. Torrey brings his claims as a class and collective action under Section 216(b) of the FLSA and as a class action pursuant to FED. R. CIV. P. 23 under Oregon law on behalf of himself and the other Hourly Employees.

59. Like Torrey, the other Hourly Employees are victimized by McGee's auto-deduct policy.

60. Other Hourly Employees worked with Torrey and indicated they were paid in the same manner, performed similar work, and were subject to McGee's auto-deduct policy.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

61. Based on his experience, Torrey is aware McGee's auto-deduct policy was imposed on other Hourly Employees.

62. The Hourly Employees are similarly situated in the most relevant respects.

63. Even if their job duties and locations might vary, these differences do not matter for the purpose of determining their entitlement to wages, including overtime wages, and *bona fide* meal periods.

64. Specific job titles or precise job locations of the other Hourly Employees do not prevent class or collective treatment.

65. Rather, McGee's auto-deduct policy renders Torrey and the other Hourly Employees similarly situated for the purpose of determining the right to wages and required meal periods.

66. McGee's records reflect the number of hours the Hourly Employees recorded working "on the clock" each week.

67. McGee's records reflect that it automatically deducted 30 minutes a workday for so called "meal periods."

68. The back wages owed to Torrey and the other Hourly Employees can therefore be calculated using the same formula applied to the same records.

69. Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to McGee's records, and there is no detraction from the common nucleus of liability facts.

70. Therefore, the issue of damages does not preclude class or collective treatment.

71. Torrey's experiences are typical of the experiences of the other Hourly Employees.

72. Torrey has no interest contrary to, or in conflict with, the other Hourly Employees that would prevent class or collective treatment.

73. Like each Hourly Employee, Torrey has an interest in obtaining the unpaid wages and damages owed under the FLSA and Oregon law.

74. Torrey and his counsel will fairly and adequately protect the interests of the Hourly Employees.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

75. Torrey retained counsel with significant experience in handling complex class and collective action litigation.

76. Absent this class and collective action, many Hourly Employees will not obtain redress for their injuries, and McGee will reap the unjust benefits of violating the FLSA and Oregon law.

77. Further, even if some of the Hourly Employees could afford individual litigation, it would be unduly burdensome to the judicial system.

78. Indeed, the multiplicity of actions would create hardship to the Hourly Employees, the Court, and McGee.

79. Conversely, concentrating the litigation in one forum will promote judicial economy and consistency, as well as parity among the Hourly Employees' claims.

80. The questions of law and fact that are common to each Hourly Employee predominate over any questions affecting solely the individual members.

81. Among the common questions of law and fact are:

a. Whether McGee engaged in a policy and practice of automatically deducting 30 minutes a day from the Hourly Employees' recorded time for "meal periods";

b. Whether McGee engaged in a policy and practice of requiring its Hourly Employees to perform their typical job duties during so-called "meal periods";

c. Whether McGee failed to provide the Hourly Employees with *bona fide* meal periods in violation of Oregon law;

d. Whether McGee failed to pay the Hourly Employees overtime of at least 1.5 times their regular rates of pay, based on all remuneration, for all hours worked after 40 in a workweek;

e. Whether McGee's denial of earned wages and compliant meal periods from the Hourly Employees was in good faith; and



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

f. Whether McGee's violations were willful.

82. There are many similarly situated Hourly Employees who have been denied overtime wages of at least 1.5 times their regular rates of pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

83. The Hourly Employees are known to McGee, are readily identifiable, and can be located through McGee's business and personnel records.

### McGee's Violations Were Willful

84. McGee knew it employed Torrey and the other Hourly Employees.

85. McGee knew it was subject to the FLSA's and Oregon law's overtime provisions.

86. McGee knew the FLSA required it to pay non-exempt employees, including Torrey and the other Hourly Employees, overtime wages at rates of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 in a workweek.

87. McGee knew Torrey and each Hourly Employee worked more than 40 hours in at least one workweek during the last 6 years because these employees were required to report their "on the clock" hours via McGee's timekeeping system.

88. McGee knew Torrey and each Hourly Employee were non-exempt employees entitled to overtime pay.

89. McGee knew Oregon law required it to provide employees, including the Hourly Employees, a *bona fide,* duty-free, and uninterrupted 30-minute meal period for every 6 hours worked.

90. McGee knew its Hourly Employees did not waive their meal periods.

91. Nonetheless, McGee failed to provide its Hourly Employees with *bona fide*, duty-free meal periods.

92. McGee knew its Hourly Employees did not actually receive *bona fide* meal periods.

93. McGee knew its Hourly Employees regularly spent their "meal periods" performing their regular job duties for its predominant benefit.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

94. McGee's failure to pay Torrey and the other Hourly Employees overtime at the required rates for all overtime hours worked was neither reasonable, nor was this decision made in good faith.

95. McGee knowingly, willfully, and/or in reckless disregard of the FLSA and Oregon law carried out its unlawful auto-deduct policy that deprived Torrey and the other Hourly Employees of wages, including overtime wages of at least 1.5 times their regular rates of pay for all hours worked after 40 a workweek.

96. Indeed, McGee has previously been sued for failing to pay wages as required by the FLSA and analogous state law. *See, e.g.*, *Olney v. McGee Air Services, Inc.*, Case No. 3:24-cv-05300-MLP (W.D. Wash.).

## Count I
## Failure to Pay Overtime Under the FLSA
## (FLSA Collective)

97. Torrey brings his FLSA claim as a collective action on behalf of himself and the other FLSA Collective Members pursuant to 29 U.S.C. § 216(b).

98. McGee violated, and is violating, the FLSA by employing non-exempt employees (the FLSA Collective Members) in a covered enterprise for workweeks longer than 40 hours without paying them overtime wages at rates of at least 1.5 times their regular rates of pay for all hours worked after 40 in a workweek, including those worked during their unpaid "meal periods."

99. McGee's unlawful conduct harmed the FLSA Collective Members by depriving them of overtime wages they are owed.

100. Accordingly, McGee owes the FLSA Collective Members the difference between the wages actually paid and the required overtime wages actually earned.

101. Because McGee knew or showed reckless disregard for whether this unpaid "meal period" violated the FLSA, McGee owes the Hourly Employees these wages for at least the past 3 years.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

102. McGee is also liable to the Hourly Employees for an amount equal to all their unpaid overtime wages as liquidated damages.

103. Finally, the Hourly Employees are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## COUNT II
## FAILURE TO PAY OVERTIME UNDER OREGON LAW
## (OREGON CLASS)

104. Torrey brings his Oregon law claim for unpaid overtime on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

105. At all relevant times, McGee was an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

106. At all relevant times, McGee "employed" each Oregon Class Member within the meaning of Oregon law. *See* ORS § 653.010(2).

107. At all relevant times, each Oregon Class Member were covered "employees" entitled to overtime wages. *See* ORS § 653.020.

108. Under ORS § 653.261 and OAR 839-020-0030, employers, like McGee, are required to pay employees, including the Oregon Class Members, overtime wages of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 hours a workweek.

109. McGee violated, and is violating, Oregon law by failing to pay the Oregon Class Members overtime wages of at least 1.5 times their regular rates of pay for all hours worked in excess of 40 each workweek. *See* ORS § 653.261; OAR 839-020-0030.

110. McGee's unlawful conduct has harmed the Oregon Class Members by depriving them of overtime wages owed for work that they performed and from which McGee derived a direct and substantial benefit.

111. McGee knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the Oregon Class Members overtime wages for all overtime hours worked.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

112. McGee's failure to pay these employees overtime wages for all overtime hours worked was neither reasonable, nor was the decision made in good faith.

113. Accordingly, the Oregon Class Members are entitled to recover the difference between the wages paid and the overtime wages actually earned, plus civil penalties, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS §§ 652.150; 653.055(1) and (4), 652.200, 82.010.

## COUNT III
## FAILURE TO PROVIDE MEAL PERIODS UNDER OREGON LAW
## (OREGON CLASS)

114. Torrey brings his Oregon meal period claims as a class action on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

115. At all relevant times, McGee was an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

116. At all relevant times, McGee "employed" the Oregon Class Members within the meaning of Oregon law. *See* ORS § 653.010(2).

117. At all relevant times, the Oregon Class Members were covered "employees" within the meaning of Oregon law. *See* ORS § 653.020.

118. Under ORS § 653.261 and OAR 839-020-0050, employers, like McGee, are required to provide employees, including the Oregon Class Members, a meal period of at least 30 continuous minutes, completely relieved of all duties, during work periods of 6 hours or more.

119. Further, for shifts of 14 hours or more, employers, like McGee, must provide employees, including the Oregon Class Members, a second, 30-minute meal period.

120. McGee violated, and is violating, Oregon meal break laws by failing to provide Torrey and the Oregon Class Members with *bona fide*, continuous, and uninterrupted 30-minute meal breaks.

121. Because the Oregon Class Members remain on duty, are subject to interruptions, and/or are not completely relieved of all duties during "meal breaks," McGee violates Oregon law. *See* ORS § 653.261 and OAR 839-020-0050.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

122. McGee's violations of Oregon meal break requirements were willful because its auto-deduct policy was implemented purposefully and not a product of inadvertence. *See* ORS § 652.150.

123. Accordingly, Torrey and the Oregon Class Members are entitled to declaratory relief that McGee's automatic meal break deduction policies violate Oregon meal break requirements.

124. Torrey and the Oregon Class Members are further entitled to recover their actual damages in the form of back wages, as well as pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. See ORS §§ 82.010, 652.615, 652.200.

## COUNT IV
## FAILURE TO PAY ALL EARNED WAGES UNDER OREGON LAW
## (OREGON CLASS)

125. Torrey brings his Oregon law claim for failure to pay all earned wages on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

126. At all relevant times, McGee was an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

127. At all relevant times, McGee "employed" Torrey and the other Oregon Class Members within the meaning of Oregon law. *See* ORS § 653.010(2).

128. At all relevant times, the Oregon Class Members were covered "employees" within the meaning of Oregon law. *See* ORS § 653.020.

129. Employers, like McGee, are required to pay employees, such as the Oregon Class Members, all wages earned and due for all hours worked. *See* ORS 652.120.

130. McGee violated, and is violating, Oregon law by failing to pay the Oregon Class Members for all hours worked, including compensable time worked during automatically deducted "meal periods."

131. McGee knowingly, willfully, or in reckless disregard carried out this unlawful pattern or practice of failing to pay all earned wages to Torrey and the other Oregon Class Members.



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

132. Accordingly, Torrey and the other Oregon Class Members are entitled to recover all unpaid wages, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS §§ 653.055, 652.200, 82.010.

COUNT V
FAILURE TO TIMELY PAY EARNED WAGES UPON TERMINATION UNDER OREGON LAW
(OREGON CLASS)

133. Torrey brings his Oregon law claim for unpaid earned wages upon termination of employment on behalf of himself and the other Oregon Class Members pursuant to FED. R. CIV. P. 23.

134. At all relevant times, McGee was an "employer" within the meaning of Oregon law. *See* ORS § 653.010(3).

135. At all relevant times, McGee "employed" each Oregon Class Member within the meaning of Oregon law. *See* ORS § 653.010(2).

136. At all relevant times, each Oregon Class Member was a covered "employee" entitled to earned wages, including overtime wages. *See* ORS § 653.020.

137. McGee was required to pay all earned, but unpaid wages, including overtime wages, owed to the Oregon Class Members whose employment with McGee has terminated, no later than 5 days following termination of their respective employment. *See* ORS § 652.140(2).

138. Torrey's employment with McGee terminated in February 2026.

139. McGee has failed to timely pay Torrey and the other Oregon Class Members who have terminated their employment with McGee all of the earned wages due and owing to them. *See* ORS 652.140.

140. McGee's failure to timely pay such wages is willful because its auto-deduct policy was implemented purposefully and not a product of inadvertence. *See* ORS § 652.150.

141. Accordingly, Torrey and the other former Oregon Class Members are entitled to recover their unpaid earned wages, penalties of 30 times the employee's daily rate of pay, pre- and



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS §§ 652.150; 653.055(1) and (4), 652.200, 82.010.

## RELIEF SOUGHT

WHEREFORE, Torrey, individually and on behalf of the other Hourly Employees, seeks the following relief:

(a) An Order designating this lawsuit as a collective action and authorizing notice to the Hourly Employees allowing them to join this action by filing a written notice of consent;

(b) An Order certifying this lawsuit as a class action pursuant to FED. R. CIV. P. 23;

(c) An Order appointing Torrey and his counsel to represent the interests of the Hourly Employees;

(d) An Order finding McGee liable to Torrey and the other FLSA Collective Members for all unpaid overtime wages owed under the FLSA, plus liquidated damages in an amount equal to their unpaid wages;

(e) An Order finding McGee liable to Torrey and the other Oregon Class Members for failing to provide them with *bona fide* meal periods, plus all available penalties;

(f) An Order finding McGee liable to Torrey and the other Oregon Class Members for all unpaid, untimely, and/or withheld wages, including overtime wages, and applicable penalties;

(g) A Judgment against McGee awarding Torrey and the other Hourly Employees all their willfully withheld and/or unpaid wages, including overtime wages, liquidated damages, exemplary damages, statutory damages, attorney's fees, costs, expenses, and any other penalties available under the FLSA and/or Oregon law;

(h) An award of interest on all amounts at the highest rate allowable by law;



JOSEPHSON DUNLAP, LLP
5847 San Felipe, Suite 2400
Houston, Texas 77057
(713) 352-1100

(i) An Order awarding attorney's fees, costs, and expenses; and

(j) All such other and further relief as may be necessary and appropriate.

Date: June 24, 2026

Respectfully submitted,

FRANK FREED SUBIT & THOMAS, LLP

By: */s/ Michael C. Subit*
Michael C. Subit, WSBA #29189
msubit@frankfreed.com
705 Second Ave., Suite 1200
Seattle, Washington 98104
Telephone: 206.682.6711

JOSEPHSON DUNLAP, LLP

By: */s/ Richard M. Schreiber*
Richard M. Schreiber
rschreiber@mybackwages.com
Michael A. Josephson*
mjosephson@mybackwages.com
Andrew W. Dunlap*
adunlap@mybackwages.com
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone: 713.352.1100

BRUCKNER BURCH, PLLC

Richard J. (Rex) Burch*
rburch@brucknerburch.com
5847 San Felipe, Suite 2400
Houston, Texas 77057
Telephone: 713.877.8788

**Pro Hac Vice Applications Forthcoming*

ATTORNEYS FOR TORREY
& THE HOURLY EMPLOYEES